IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| STEPHANIE YBANEZ, | § | |
| *Plaintiff*, | § | 5-18-CV-00789-FB-RBF |
| vs. | § | |
| MINER FLEET MANAGEMENT GROUP, LLC, | § | |
| *Defendant*. | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Plaintiff Stephanie Ybanez's Motion to Remand. *See* Dkt. No. 5. The District Court referred this case to the undersigned pursuant to Western District of Texas Local Rule CV-72 and Appendix C. *See* Dkt. No. 8. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

Ybanez's Motion to Remand, Dkt. No. 5, should be **GRANTED**.

I.     **Factual and Procedural Background**

Plaintiff Ybanez initiated this is employment-discrimination action on March 12, 2015 in the Bexar County 408th Judicial District Court. *See* Dkt. No. 1-2 at 2-11. In her Original and Amended Petitions filed in state court, Ybanez claimed that Defendant Miner Fleet discriminated against her on the bases of her sex, pregnancy, and a disability arising out of her pregnancy. She further alleged that Miner Fleet retaliated against her after she voiced opposition to Minor Fleet's allegedly discriminatory employment practices. Ybanez brought only state law claims under

1

Chapter 21 of the Texas Labor Code and the common law on intentional infliction of emotional distress. *See id.* at 2-11; 28-33.

Ybanez now alleges, and Minor Fleet does not dispute, that the parties have since conducted extensive written and oral discovery regarding the nature of Ybanez's claims. *See* Mot. at 2 & Exs. A & B to Mot. At no point during discovery did Ybanez claim she intended to assert any federal causes of action.

On July 5, 2018—over three years after this litigation initiated in state court—Ybanez filed a "Motion to Set for Jury Trial and in the Alternative Dispute Resolution Docket." *See* Dkt. No. 1-2 at 39-41. In a paragraph regarding the "Nature and Length of Trial," Ybanez explained that "[t]his suit is for money damages resulting from a wrongful termination as a result of a violation of the Pregnancy Discrimination Act and other related causes of action." *Id.* In a short one sentence order entered that same day, the Bexar County Court Monitoring Judge granted Ybanez's motion and set the case for Alternative Dispute Resolution ("ADR") on December 12, 2018 and for a jury trial on April 8, 2019. *See* Dkt. No. 1-3 at 4.

On August 1, 2018, Miner Fleet removed this action, alleging that removal is proper because Ybanez asserted—for the first time in her July 5 Motion—that Miner Fleet violated the *federal* Pregnancy Discrimination Act. *See* Dkt. No. 1 ¶ 3. On August 31, 2018, Ybanez filed the instant Motion to Remand. *See* Dkt. No. 5. Ybanez requests remand to the Bexar County District Court and an award of attorney's fees and costs incurred in connection with the remand motion. This District Court referred the case to the undersigned on April 8, 2019.

**II.     Analysis**

At issue is whether Ybanez's single reference to a federal statute in her state court motion requesting an ADR setting and a jury setting is sufficient to confer federal-question jurisdiction. *See* 28 U.S.C. §§ 1331; 1446(b). It is not. Remand to state court therefore is required.

There is no dispute that Ybanez's live petition doesn't raise a federal claim. Miner Fleet concedes this in its Notice of Removal and elsewhere. *See* Dkt. No. 1 ¶ 2; Defendant's Response to Plaintiff's Motion for Remand, Dkt. No. 6 at 5 ("Defendant acknowledges that up until Plaintiff filed her Motion to Set for Jury Trial and in the Alternative Dispute Resolution Docket, Plaintiff exclusively pleaded state law claims."). Nor is there any allegation that the parties are diverse, such that there could be federal diversity jurisdiction. The thrust of Miner Fleet's argument is instead that this action became removable only once Ybanez filed her motion for jury trial and ADR settings. Minor Fleet invokes §1446(b)(3) to support this contention, and § 1446(b)(3) provides, in pertinent part, that

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3). Thus, according to Minor Fleet, Ybanez's motion and its fleeting reference to the Pregnancy Discrimination Act and other related causes of action is a "motion" or "other paper" "from which [Minor Fleet] first . . . ascertained that the case is one which . . . has become removable." *Id.*

Ybanez's reference in her jury-trial and ADR motion to state-law claims as arising under the Pregnancy Discrimination Act is merely a fleeting and incidental misnomer, not a genuine effort to transform state-law claims into federal ones. According to counsel for Ybanez, the reference to the Pregnancy Discrimination Act was a "slip of the pen" and used as a "sloppy

3

shorthand rendition of Tex. Labor Code Sec 21.1016[,] which expressly prohibits discrimination based on pregnancy." Mot. at 5 & n. 1. Counsel never intended to add a federal claim to this action and in fact "would go back and amend this jury demand, but since the case has already been removed, she can't." *Id.* at 5, 7.

As Ybanez points out, a motion in state court requesting a jury trial setting cannot ordinarily amend or supplement a petition; nor would it ordinarily operate as any kind of charging instrument against which a Defendant like Miner Fleet would have to defend. Texas Rule of Civil Procedure 216 simply requires a party to a civil action to file a "written request for a jury trial;" there is no requirement that a plaintiff provide a statement in such a request regarding the nature of the case or claims presented. *See* Tex. R. Civ. P. 216.

A helpful Fifth Circuit decision addressing this issue is *Eggert v. Britton*, 223 Fed. App'x 394, 2007 WL 870364 (5th Cir. Mar. 22, 2007) (per curiam). The unpublished opinion in *Eggert* recognizes that "[r]emoval based on federal question jurisdiction is determined by reference to the well-pleaded complaint." *Id.* at *3. And typically, "when courts look to [matters such as an] 'other paper' to ascertain removability, courts are clarifying that diversity jurisdiction has been established." *Id.* at *2. It is thus only in "limited circumstances" that courts look to such matters beyond the complaint to establish federal question jurisdiction, including when doing so is called for: (1) "to clarify that a plaintiff's state law claim is one that would be preempted by federal law," or (2) "to clarify the nature of an existing claim." *Id.* at *3. Neither circumstance is presented here; there no argument raised about preemption and there's apparently no confusion about existing claims. There is also no other circumstance presented that justifies using the fleeting reference in the motion on trial and ADR settings to transmogrify this purely state-law dispute into a federal-question case.

Where, as here, "the pleadings assert solely state-law claims and leave no ambiguity as to a possible federal claim, district courts have consistently rejected a defendant's attempt to use [an] 'other paper' to establish federal question jurisdiction." *Ngo v. PM/CTS, LLC*, No. 4:15-CV-1644, 2015 WL 5458598, at *3 (S.D. Tex. Sept. 15, 2015) (collecting authorities). District courts—citing the aforementioned *Eggert*—have recognized that § 1446(b)(3) "ordinarily has no application in federal question cases." *Causey's Pharmacy, Inc. v. Praeses, LLC,* No. 1:17-CV-01391, 2018 WL 1867136, at *3 (W.D. La. Apr. 2, 2018), *report and recommendation adopted sub nom.* 2018 WL 1867088 (W.D. La. Apr. 18, 2018).[1] Indeed, perfunctory references to federal statutes or violations that occur in a pleading are generally insufficient to confer federal question jurisdiction where there is no federal cause of action alleged.[2] Ybanez has clearly represented both in her pleadings and in her Motion to Remand that she is not seeking any relief under federal law. Remand is appropriate.[3]

---

[1] *See also Jones v. Town of Woodworth*, No. 13-119, 2013 WL 1966253, at *2 (Mar. 20, 2013) ("Only in rare circumstances might an 'other paper' be relevant in a federal question case.").

[2] *See, e.g.*, *Cooper v. Texas Wesleyan Univ.*, No. CIV.A. 397-CV-0043G, 1997 WL 328001, at *2 (N.D. Tex. Jun. 10, 1997) (reference to Title VII in factual background of complaint was insufficient to state a federal cause of action where complaint only set forth causes of action for violations of the Texas Commission on Human Rights Act (TCHRA) and breach of contract); *Brumfield v. City of Baker*, No. CIV.A. 11-507-BAJ-CN, 2011 WL 5178267, at *2 (M.D. La. Sept. 30, 2011*), report and recommendation adopted*, 2011 WL 5238720 (M.D. La. Oct. 31, 2011) (recognizing that a complaint's "incidental reference to a violation of federal law or the U.S. Constitution does not convert a state law complaint into a federal cause of action if the federal statute is not a necessary element of the state law claim and no preemption exists") (quotations omitted).

[3] *See, e.g.*, *Buie v. Union Gas Co.*, No. 5:01CV1BRS, 2001 WL 34403086, at *5-6 (S.D. Miss. 2001) (finding no federal question jurisdiction where complaint raised only a negligence cause of action and plaintiffs repeatedly represented in their remand motion that they were foregoing any federal claims, notwithstanding statements by plaintiff in his interrogatory responses interpreted by the defendant as raising federal claims for racial discrimination).

For these reasons, Ybanez's "stray reference[]" to a federal statute in her request for an ADR and jury setting cannot insert a federal cause of action into this lawsuit "where clearly there was none before." *See Ngo*, 2015 WL 5458598, at *3.

### III. Conclusion and Recommendation

For the reasons discussed above, it is recommended that Ybanez's Motion to Remand, Dkt. No. 5, be **GRANTED** and this case be remanded to the Bexar County 408th Judicial District Court. Although Ybanez requests an award of fees and costs in connection with the removal, she presents no compelling argument to justify such an award, and so her fees-and-costs request should be denied. Miner Fleet is reminded, as discussed more fully below, of its right to object to the District Court, given that to the extent the District Court agrees with the undersigned and adopts this Report and Recommendation, the District Court's Order will not be reviewable on appeal. *See* 28 U.S.C. § 1447(d).

Having considered and acted upon all matters for which the above-entitled and numbered case was referred, it is **ORDERED** that the above-entitled and numbered case is **RETURNED** to the District Court for all purposes.

### Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The objecting party shall file the objections with the clerk of the court, and serve the objections on all other parties. A

party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**IT IS SO ORDERED**.

SIGNED this 18th day of April, 2019.

RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE